IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GRAVES,

        Plaintiff,                        No. CIV 11-329 MCE EFB PS

   vs.

PATRICK R. DONAHOE;
TIM PADDEN; UNITED STATES
POSTAL SERVICE; and
UNITED STATES OF AMERICA,

        Defendants.                     <u>ORDER</u>
_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

      However, determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1  Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2  520-21 (1972), a claim is legally frivolous when it lacks an arguable basis either in law or in fact.
3  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-
4  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
5  indisputably meritless legal theory or where the factual contentions are clearly baseless.
6  *Neitzke*, 490 U.S. at 327.

7  Additionally, a complaint, or portion thereof, should be dismissed for failure to state a
8  claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face."
9  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355
10 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the
11 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a
12 formulaic recitation of a cause of action's elements will not do.  Factual allegations must be
13 enough to raise a right to relief above the speculative level on the assumption that all of the
14 complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either
15 on the lack of cognizable legal theories or the lack of pleading sufficient facts to support
16 cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

17 In reviewing a complaint under this standard, the court must accept as true the allegations
18 of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740
19 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
20 the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must
21 satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule
22 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the
23 pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the
24 grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)
25 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
26 ////

Further, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff's first amended complaint alleges that he has not yet received critical documents concerning another civil case plaintiff has pending in this district, *Graves v. Clinton*, 2:10-cv-3156-MCE-KJN (E.D. Cal.),[1] because "the 'postmaster' targeted his mail through the

---

[1] Plaintiff has also filed numerous other actions in this court. *See Graves v. Holder*, 2:10-cv-2970 WBS EFB (E.D. Cal.); *Graves v. Berrien*, 2:10-cv-3015 MCE EFB (E.D. Cal.); *Graves v. Clinton*, 2:10-cv-3106-JAM-DAD (E.D. Cal.) (closed); *Graves v. Clinton*, 2:10-cv-03128-JAM-KJN (E.D. Cal.) (closed); *Graves v. Visek*, 2:11-cv-367-JAM-GGH (E.D. Cal.) (closed); *Graves v. Sebelius*, 2:11-cv-453- MCE-EFB (E.D. Cal.); *Graves v. Dep't of Health & Human Servs.*, 2:11-cv-1077-JAM-GGH (E.D. Cal.); *Graves v. Sutter Bd. of Directors*, 2:11-cv-1078-JAM-CMK (E.D. Cal.) (closed); *Graves v. Sutter Bd. of Directors*, 2:11-cv-1119-KJM-KJN (E.D. Cal.); *Graves v. U.S. Dep't of Health & Human Servs.*, 2:11-cv-1120-KJM-KJN (E.D. Cal.); *Graves v. UC Davis*, 2:11-cv-1164-KJM-KJN (E.D. Cal.); *Graves v. Mendez*, 2:11-cv-1316-KJM-EFB (E.D. Cal.) (closed); *Graves v. Johnson*, 2:11-cv-1851-GEB-GGH (closed); *Graves v. Experian*, 2:11-cv-1943-GEB-JFM (closed); *Graves v. Experian*, 2:11-cv-1977-GEB-JFM (closed); *Graves v. Experian*, 2:11-cv-1988-GEB-JFM; *Graves v. The Big 3 Credit Agencies*, 2:11-cv-2024-MCE-GGH. The undersigned notes that the pattern that has resulted from these numerous case filings suggests that plaintiff may be judge-shopping in order to obtain a particular judge assignment. Plaintiff is warned that such behavior may result in the imposition

1 Patriot Act for purposes other than combating terrorism due to his ethnicity and violated the civil
2 rights act." Dckt. No. 7 at 1. Plaintiff further alleges that the "postmaster" violated his First
3 Amendment rights by limiting his free speech, violated his right to due process, and violated his
4 right to privacy. *Id.* Plaintiff also alleges that "the 'Defendants' create a network of distrust or
5 non-objectivity that forces the courts to [rely] on the services of the US Marshall more often
6 nationwide" and that those actions shows that the defendants "play[s] 'judge' and 'jury' with
7 summoning of court orders, and creates unnecessary burdens to the public at large" and that the
8 defendants "discriminate on the basis of race, national origin, religion, and income structure on
9 'whom' is deserving of their services." *Id.* Plaintiff has named the United States Postal Service
10 as a defendant, as well as two individuals, although plaintiff does not indicate who those
11 individuals are or how they are responsible for the allegedly unconstitutional conduct.

12 The allegations in plaintiff's first amended complaint fail to state a claim. The
13 allegations are so vague and conclusory that the court is unable to determine whether the current
14 action is frivolous or, if amended, could possibly state a claim for relief. Therefore, plaintiff's
15 first amended complaint will be dismissed. However, plaintiff is granted leave to file a second
16 amended complaint, if he can allege a cognizable legal theory and sufficient facts in support of
17 that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
18 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
19 their complaints).

20 If plaintiff chooses to file a second amended complaint, the complaint shall plead
21 plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of
22 circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-
23 spaced text on paper that bears line numbers in the left margin, as required by Eastern District of
24 California Local Rules 130(b) and 130(c). Any second amended complaint shall also use clear

---

26 of monetary sanctions and/or the dismissal of one or more of the pending actions, and may result
in a declaration that plaintiff is a vexatious litigant.

4

headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files a second amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Further, in addition to plaintiff's *in forma pauperis* application, plaintiff currently has eleven motions pending in this action, including a motion to seal this action, two motions regarding a notice of related cases filed by defendant, and numerous motions to file certain discovery exhibits. *See* Dckt. Nos. 4, 9, 10, 12, 13, 14, 16, 17, 18, 19, 20. All of those motions should be denied now that plaintiff no longer has an operative complaint in this action. Moreover, plaintiff's motion to seal this action, Dckt. No. 4, should be denied because plaintiff has not made the requisite showing under applicable law. *See* E.D. Cal. L.R. 141(a). Additionally, plaintiff's motions regarding the notice of related cases, Dckt. Nos. 9 and 10, should be denied because the issue of whether actions are related is a matter to be determined by the district court, and apart from the filing of a notice of related cases pursuant to Local Rule 123, pleadings or briefs on the question are unnecessary. Finally, plaintiff's motions to file discovery exhibits, Dckt. Nos. 12, 13, 14, 16, 17, 18, 19, and 20, should also be denied. Exhibits may be attached to a complaint, may be submitted in connection with a motion for summary judgment, or may be presented at trial. However, plaintiff's "motions" are not properly noticed

5

for hearing, do not pertain to pending discovery, and appear to be irrelevant to these proceedings.

Plaintiff is directed not to file any similar such motions in the future, unless he can find some substantive basis for such motions and a procedural basis for filing such motions, as provided in the Federal Rules of Civil Procedure and the court's Local Rules.  Any future motions of this sort will be summarily denied.  Plaintiff is reminded that Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  E.D. Cal. L.R. 183.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110; *see also Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 3, is granted.

2. Plaintiff's first amended complaint, Dckt. No. 7, is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint as provided herein.  The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Failure to timely file a second amended complaint in accordance with this order will result in a

6

1  recommendation this action be dismissed.

2      4. Plaintiff's miscellaneous motions, Dckt. Nos. 4, 9, 10, 12, 13, 14, 16, 17, 18, 19, and 20, are all denied.

4  DATED: September 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE